UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAIME AVILA,                                  :
                                              :
       Plaintiff                           :
                                              :
  v.                                          : CIVIL NO. 3:CV-14-2119
                                              :
CAPTAIN MICHAEL OTT, et al.,                  : (Judge Kosik)
                                              :
       Defendants                          :

**MEMORANDUM**

**I.     Background**

Plaintiff, Jaime Avila, at the time a pre-trial detainee confined at the Lebanon County Correctional Facility ("LCCF"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Named as Defendants are Captain Michael Ott and Dr. Jeffrey Yoccum, LCCF employees.  Plaintiff alleges that on October 1, 2014, Defendants failed to provide him with a medical transport to have dental appliances removed from his mouth.  (Doc. 1, Compl. at 2-3.)  His visit was postponed until October 15, 2014, at which time he was not able to be treated and this caused the screws and braces in his mouth to become infected and destroyed his gums.  (Id. at 3.)  He alleges that the failure to provide a medical transport on or closer to October 1, 2014 was a violation of his Fourteenth Amendment rights.  He seeks monetary relief.

Pending is Plaintiff's motion for the appointment of counsel. (Doc. 18.) Also pending are Defendants' motions to dismiss the complaint. (Docs. 13, 15.) Plaintiff has not filed any opposition to Defendants' motions.

## II. Discussion

There is neither a constitutional nor statutory right to counsel for civil litigants. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2001). Congress has granted district courts the discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1)(Noting that appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) is "discretionary"). A court's discretionary authority to appoint an attorney to represent a civil litigant (prisoner or non-incarcerated individual) only comes into play when the party is proceeding within the terms of 28 U.S.C. § 1915, *Proceedings In Forma Pauperis*, which necessarily implies the litigant's indigent status, and is made on a case-by-case basis. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

2

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499.  Without passing judgment as to the ultimate merits of Plaintiff's claims, for the sole purpose of this motion, the court will assume that the case has arguable merit in law and the facts.

Upon successfully clearing the above hurdle, other factors to be examined are:

1. The plaintiff's ability to present his or her own case;

2. The difficulty of the particular legal issues;

3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;

4. The plaintiff's capacity to retain counsel on his or her own behalf;

5. The extent to which a case is likely to turn on credibility determinations; and

6. Whether the case will require testimony from expert witnesses.

Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155-57).

Plaintiff's motion fails to set forth any special circumstances or factors that would warrant the appointment of counsel at this time.  Tabron, 6 F.3d at 155-56.  In fact, his motion merely requests the appointment of counsel and provides no reasons in support of the request. (Doc. 18 at 1.)  The pleadings submitted by Plaintiff so far are clearly written, cite to pertinent legal authority, and detail the claims he desires to

pursue. The legal issue involved is not complicated. The docket clearly reveals that Plaintiff has the ability to litigate this action on his own. He is clearly literate and, while he may have been confined as a pre-trial detainee when he filed this action, he has since been released from prison. It cannot be said, at least at this point, that Plaintiff will suffer substantial prejudice if he is required to proceed with the prosecution of this case on his own. This Court's liberal construction of pro se pleadings, Haines v. Keener, 404 U.S. 519 (1972), coupled with Plaintiff's apparent ability to litigate this action, weigh against the appointment of counsel. His pending motion for counsel will be denied. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.

    In light of the fact that Plaintiff has failed to oppose Defendants' pending motions to dismiss, he will be directed to do so within fourteen (14) days. His failure to do so will result in the motions being deemed unopposed and addressed. In light of the fact that Plaintiff has been released from prison, if he no longer wishes to pursue this matter he shall so advise the court. An appropriate order follows.