UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAIME AVILA, | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : CIVIL NO. 3:CV-14-2119 |
| | : |
| CAPTAIN MICHAEL OTT, et al., | : (Judge Kosik) |
| | : |
| Defendants | : |

**MEMORANDUM**

Plaintiff, Jaime Avila, filed the above civil rights action pursuant to 42 U.S.C. § 1983 while confined as a pretrial detainee at the Lebanon County Correctional Facility (LCCF), Pennsylvania.[1] Named as Defendants are LCCF employees Michael Ott, Security Captain, and Dr. Jeffrey Yocum, Medical Director. Pending are motions to dismiss the complaint filed by each Defendant. (Docs. 13, 15.)

**I.   Background**

Plaintiff alleges that on October 1, 2014, Defendants failed to provide him with a medical transport to an oral surgeon for the removal of dental screws and braces from his mouth and gums. (Doc. 1, Compl. at 2-3.) He claims that the transport was

---

[1] Since the commencement of this lawsuit, Plaintiff has been released from prison and has provided the court with a private forwarding address in Harrisburg, Pennsylvania. (Doc. 17.)

postponed until October 15, 2014, at which time he was not able to be treated. He claims that this caused the screws and braces to become infected, "destroying [his] gums by leaving huge holes throughout [his] upper gums." (Id. at 3.) He claims that there is no reason why he was not taken to the oral surgeon on, or closer to, October 1, 2014. He further contends that Defendant Yocum has failed to approve or reschedule his return visit as of October 27, 2014, causing him pain and extreme discomfort. (Id. at 5.) Based on the foregoing, he claims that his Fourteenth Amendment rights were violated. He seeks monetary relief for pain, suffering, mental anguish and for any bills he incurs to correct his problems.

## II.     Motion to Dismiss Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009)(quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).

2

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the ... claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry.  See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1947, 173 L. Ed. 2d 868 (2009)).  Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the well-pleaded factual allegations have been isolated, the court must determine whether they are sufficient to show a "plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. at 1950, 173 L. Ed. 2d 868 (citing Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. 662, 129 S. Ct. at 1949, 173 L.Ed.2d 868.  When the complaint fails to present a prima facie case of liability, however, courts should generally grant leave to amend before dismissing a complaint.  See Grayson v.

3

Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

## III. Discussion

To state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003). Personal involvement in the alleged wrongdoing is necessary for the imposition of liability in a civil rights action. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005); Sutton v. Rasheed, 323 F.3d 236, 249-50 (3d Cir. 2003).

Although Plaintiff does not specifically identify the nature of his constitutional claim, he clearly appears to be alleging that Defendants failed to provide him with medical care. Since Plaintiff was a pretrial detainee at the relevant time, the Fourteenth Amendment's Due Process Clause governs his claim for inadequate medical care, as opposed to the Eighth Amendment, which applies to convicted persons. Bell v. Wolfish, 441 U.S. 520, 535-57 (1979); Hubbard v. Taylor, 399 F.3d 150, 164 (3d Cir. 2005); Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003). The Due Process Clause prohibits "punishment" of a pretrial detainee prior to an adjudication of guilt in accordance with due process law. Bell, 441 U.S. at

535-37; Hubbard, 399, F.3d at 164-65.  Courts assess inadequate medical care claims under the familiar "deliberate indifference" test set forth in Estelle v. Gamble, 429 U.S. 97, 103-05 (1976), and more commonly applied in the Eighth Amendment context.  Brown v. Deparolos, 492 F. App'x 211, 214-15 (3d Cir. 2012)(citing the Estelle standard and Natale, 318 F.3d at 581); Hubbard, 399 F.3d at 166 & n.22 (citing the Estelle standard).  The Third Circuit has held that the "Due Process Clause provides pretrial detainees with at least as much protection as is afforded to prisoners raising denial-of-medical-treatment claims under the Eighth Amendment." Thrower v. Alvies, 425 F. App'x 102, 105 (3d Cir. 2011).

Under this standard, "evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale, 318 F.3d at 582 (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)). A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).

The "deliberate indifference" standard requires that the prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511

5

U.S. 825, 837 (1994); Natale, 318 F.3d at 582. The Third Circuit has found "deliberate indifference" in a variety of circumstances, including where: (1) "there was objective evidence that a plaintiff had a serious need for medical care, and prison officials ignored that evidence", and (2) "where necessary medical treatment is delayed for non-medical reasons." Natale, 318 F.3d at 582 (internal citations, quotations, and brackets omitted).

In the instant case, both Defendants have filed motions to dismiss the complaint and briefs in support thereof. Because Plaintiff failed to file any opposition to the motions, an order was issued on April 30, 2015, directing him to do so within fourteen days or risk the motion being deemed unopposed. (Doc. 20.) The relevant time period has long expired. Plaintiff has not submitted his opposition briefs, requested an enlargement of time within which to do so, or contacted the court in any way.[2] As such, the motions will be deemed unopposed and addressed. See Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991).

A.   Defendant Ott's motion to dismiss

In moving to dismiss the complaint, Defendant Ott argues that Plaintiff fails to allege that he was subject to a serious medical need on October 1, 2014. Moreover, even if he did, the complaint contains no allegations that Ott was subjectively aware

---

[2] It may be that because Plaintiff has since been released from prison, he no longer wishes to prosecute this matter.

6

of any serious medical need of Plaintiff on October 1, 2014. Rather, Plaintiff simply alleges that Defendant Ott, Captain of Security, failed to transport him to the dentist on said date.

Even if the court were to assume that going to the dentist/oral surgeon to have screws/braces removed rises to the level of a serious medical need, the complaint fails to allege any facts whatsoever establishing that Ott was deliberately indifferent to said need. Plaintiff does not allege that Ott knew of an excessive risk to his health and affirmatively chose to disregard that risk. See Farmer, 511 U.S. at 835, 837-38. He simply alleges that Ott failed to provide a medical transport for him on October 1, 2014. Moreover, Plaintiff was apparently under the care of a medical provider and receiving treatment for his dental condition. As such, Ott, as non-medical personnel, could not be held accountable. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993)(finding that prison officials, who are not physicians, cannot be considered deliberately indifferent simply because they failed to respond to the medical complaints of a prisoner who was already being treated by medical personnel of the prison). Further, Ott cannot be held liable for any failure of the outside oral surgeon to treat Plaintiff on October 15, 2014. For these reasons, the motion to dismiss will be granted.

B.     Defendant Yocum's motion to dismiss

Defendant Yocum argues that Plaintiff fails to allege facts demonstrating that

7

he suffered from a serious medical need on October 1, 2014. He claims this is evidenced by his own allegations that when he was transported to the oral surgeon on October 15, 2014, that said doctor did not remove the screws and braces from his mouth. If Plaintiff's medical need had been serious, postponement of treatment on said date would not have occurred. Defendant's point is well-taken.

However, even if the court were to find that a serious medical need existed in this case, Defendant maintains that no deliberate indifference on his part is alleged by Plaintiff. Nowhere in the complaint does Plaintiff allege that Defendant Yocum was aware of and disregarded an excessive risk to his health. The complaint is void of facts alleging that Yocum was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that Yocum drew that inference. Plaintiff only alleges that Yocum failed to provide him with transport to the oral surgeon on October 1, 2014, but that he did get to the oral surgeon on October 15, 2014. Plaintiff was under the care of an outside oral surgeon. Yocum cannot be found to be deliberately indifferent because of any decision by the oral surgeon not to remove Plaintiff's screws and braces on October 15, 2014. To the extent Plaintiff claims Defendant was deliberately indifferent in failing to approve or reschedule a return visit to the oral surgeon between October 15, 2014 and October 27, 2014, there are no facts alleged that the oral surgeon instructed a return visit during that time period and that Yocum failed to abide by such instruction, or that

Plaintiff made any complaints to Yocum between October 15-27, 2014 complaining of discomfort which were ignored. For these reasons, Defendant Yocum's motion will be granted. Based on the foregoing, there is no basis for the allowance of an amended complaint in this matter. An appropriate order follows.